**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

RAUL ORTEGA, *individually and on behalf of*          **Case No.: 20-cv-07140**
*others similarly situated,*

                             *Plaintiff,*

                  -against-


 TOKYO BAY ENTERPRISE NY, INC.
 (D/B/A TOKYO BAY) and BILLY RIU,



                             *Defendants.*
---------------------------------------------------------X


**DECLARATION OF CATALINA SOJO, ESQ.**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**



CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**Page(s)**

**TABLE OF AUTHORITIES** ...............................................................................................3

**PRELIMINARY STATEMENT** .......................................................................................5

**PROCEDURAL HISTORY** ..............................................................................................5

**STATEMENT OF FACTS SUPPORTING ENTRY OF JUDGMENT** ..........................6

    **Plaintiff Raul Ortega** ............................................................................................7

**ARGUMENT** .....................................................................................................................9

    **Plaintiffs are Entitled to Judgment by Default** ..................................................9

    **Plaintiffs' Damages Calculation** ........................................................................10

    **Back Pay** ..............................................................................................................11

    **Wage Notice and Statement Violations**..............................................................12

    **Three Year Statute of Limitations Under FLSA** ...............................................12

    **Liquidated Damages** ...........................................................................................14

    **Prejudgment Interest**..........................................................................................15

    **Attorneys' Fees and Costs** ..................................................................................15

**CONCLUSION** ................................................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003), *aff'd,* 126 S. Ct. 514 (2005).........................13

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)......................................................11

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182 (2d Cir. 2008) .................................................................................................................................16,17

*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230 (2d Cir. 2012)........................................................................................................9

*Cesario v. BNI Constr., Inc.*, 2008 U.S. Dist. LEXIS 103155 (S.D.N.Y. Dec. 15, 2008)........16,17

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006).....................................................9

*Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 (S.D.N.Y. May 20, 2005)...........13

*Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 (S.D.N.Y. 2005) .................14

*Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327 (S.D.N.Y. 2005) ...................................13,14

*Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519 (E.D.N.Y. May 18, 2006) ....................................................................................................................................................14

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992)............................................................................17

*Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898 (N.D. Ill. 1999)..........................13

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...............................................................................20

*Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325 (E.D.N.Y. Dec. 3, 2014)..14

*Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593 (E.D.N.Y. 2005), *aff'd in pertinent part and vacated in part*, 160 Fed. Appx. 91 (2d Cir. 2005)..........................................................15

*Lunday v. City of Albany,* 42 F.3d 131 (2d Cir.1994)...................................................................16

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91 (2d Cir. 2006)..........................................................................................................................17

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)...............................................................13

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)..................16

*Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055 (E.D.N.Y. Aug. 7, 2006)......15

*Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224 (2d Cir. 2006) ...........................................17

*Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51 (2d Cir. 1993)............................................................9

*Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. 2004) ........................11

**Statutes**

12 N.Y.C.R.R. § 142-2.2 .............................................................................................................12

12 N.Y.C.R.R. § 146-3.5 .............................................................................................................12

28 U.S.C. § 1331..........................................................................................................................5

28 U.S.C. § 1367..........................................................................................................................5

28 U.S.C. § 1746..........................................................................................................................5

29 U.S.C. § 201............................................................................................................................5

29 U.S.C. § 207..........................................................................................................................12

29 U.S.C. § 211..........................................................................................................................11

29 U.S.C. § 216..........................................................................................................................16

29 U.S.C. § 255..........................................................................................................................13

Fed. R. Civ. P. 55(b)(2)................................................................................................................5

Local Rule 55.2(b) ............................................................................................................5

N.Y. C.P.L.R. § 5001.......................................................................................................15

N.Y. C.P.L.R. § 5004.......................................................................................................15

NYLL § 195 ..................................................................................................................8, 12

NYLL § 198 ................................................................................................................12, 20

NYLL § 663 ................................................................................................................14,16

Catalina Sojo, an attorney duly admitted to practice in New York and in this Court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

## PRELIMINARY STATEMENT

1.      I represent Plaintiff Raul Ortega in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law (the "NYLL") and regulations.

2.      I submit this affirmation in support of Plaintiff's application for a default judgment against Defendants Tokyo Bay Enterprise NY, Inc. (d/b/a Tokyo Bay) and Billy Riu (hereinafter collectively referred to as "Defendants") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

## PROCEDURAL HISTORY

3.      Plaintiff, Raul Ortega, commenced this action by filing the Complaint (and associated documents) on September 2, 2020. **Exhibit 1**.

4.      This is an action for minimum wages, liquidated damages, interest, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. **Exhibit 1** at ¶ 11.

5.      The Court has subject matter jurisdiction of the Plaintiffs' federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction). **Exhibit 1** at ¶¶ 13 & 14.

6.      Defendant Tokyo Bay Enterprise NY, Inc. (d/b/a Tokyo Bay) (hereinafter "Defendant Corporation") was served with process on November 2, 2020.  A true and correct copy of the proof of service is attached hereto as **Exhibit 2**.

7.      Defendant Billy Riu (hereinafter "Defendant Riu") was served with process on April 1, 2021.  A true and correct copy of the proof of service is attached hereto as **Exhibit 3**.

8.      Defendants did not answer or otherwise respond to the Complaint.

9.      Upon information and belief, Defendant Corporation being a corporation organized and existing under the laws of the State of New York and Defendant Riu are neither infants nor incompetent people nor in the active service of the United States military.

10.      Plaintiffs moved for entry of default on October 21, 2021.  The Clerk of the Court then noted default against Defendant Corporation and Defendant Riu, respectively, on October 21, 2021. True and correct copies of the Clerk's Certificates of Default and attached hereto as **Exhibits 4** and **5**, respectively.

11.      The declaration of Raul Ortega in support of this motion for default judgment is annexed hereto as **Exhibit 6**.

## STATEMENT OF FACTS SUPPORTING ENTRY OF JUDGMENT

12.      As alleged in the Complaint and as stated in Plaintiff's declaration, Defendants own(ed), operate(d), and control(led) a Japanese restaurant located at 183 Duane Street, New York, NY 10013 under the name "Tokyo Bay". (Exhibit 1 at ¶ 2; Ortega Dec. ¶ 4).

13.      Plaintiff is a former employee of Defendants. (Exhibit 1 at ¶ 1; Ortega Dec. ¶ 3).

14.      Defendants had the power to hire and fire Plaintiffs, controlled Plaintiffs' terms and conditions of employment, and determined the rate and method of Plaintiffs' compensation. (Exhibit 1 at ¶ 20 & 28; Ortega Dec. ¶ 6).

15.      Defendants had employees who handled and used goods that were produced outside the State of New York and travelled through interstate commerce. (Exhibit 1 at ¶¶ 30 and 34; Lazaro Dec. ¶ 8; Ortega Dec. ¶ 10).

16.     In each year from 2015 to 2021, Defendants had a gross volume of sales that exceeded $500,000. (Dkt. No. 14 at ¶ 29; Ortega Dec. ¶ 11).

## A.     Plaintiff Raul Ortega

17.     Plaintiff Raul Ortega (hereinafter "Plaintiff") was employed ostensibly by Defendants as a delivery worker from approximately October 15, 2016 until on or about March 13, 2020.  (Dkt. No. 14 at ¶¶ 32-33; Ortega Dec. ¶¶ 9-10).

18.     Plaintiff's work did not require discretion or independent judgment. (Exhibit 1 at ¶ 35; Ortega Dec. ¶ 9).

19.     From approximately October 2016 until on or about September 15, 2019, two weeks per month, Plaintiff worked from approximately 5:00 p.m. until on or about 10:30 p.m., Mondays, Wednesdays, Fridays, and Saturdays (typically 22 hours per week). (Exhibit 1 at ¶ 36; Ortega Dec. ¶ 12).

20.     From approximately September 16, 2019 until on or about March 13, 2020, Plaintiff worked from approximately 5:00 p.m. until on or about 10:30 p.m., Mondays, Wednesdays and Fridays (typically 16.5 hours per week). (Exhibit 1 at ¶ 38; Ortega Dec. ¶ 13).

21.     Throughout his employment, Defendant paid Plaintiff Ortega his wages in cash. (Exhibit 1 at ¶ 39; Ortega Dec. ¶ 14).

22.     From approximately October 15, 2016 until on or about October 15, 2017, Defendants paid Plaintiff a fixed salary of $20 per day. (Exhibit 1 at ¶ 40; Ortega Dec. ¶ 15).

23.     From approximately October 16, 2017 until on or about October 15, 2018, Defendants paid Plaintiff a fixed salary of $30 per day. (Exhibit 1 at ¶ 41; Ortega Dec. ¶ 16).

24.     From approximately October 16, 2018 until on or about October 15, 2019, Defendants paid Plaintiff a fixed salary of $35 per day. (Exhibit 1 at ¶ 42; Ortega Dec. ¶ 17).

25.     From approximately October 16, 2019 until on or about March 13, 2020, Defendants paid Plaintiff a fixed salary of $40 per day. (Exhibit 1 at ¶ 43; Ortega Dec. ¶ 18).

26.     For approximately two weeks of employment, Defendants did not pay Plaintiff any wages for his work. (Exhibit 1 at ¶ 40; Ortega Dec. ¶ 16).

27.     Defendants never granted Plaintiff any breaks or meal periods of any kind. (Exhibit 1 at ¶ 44; Ortega Dec. ¶ 19).

28.     Plaintiff was never notified by Defendants that his tips were being included as an offset for wages. (Exhibit 1 at ¶ 45; Ortega Dec. ¶ 20).

29.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff's wages. (Exhibit 1 at ¶ 46; Ortega Dec. ¶ 21).

30.     Plaintiff was never required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked. (Exhibit 1 at ¶ 47; Ortega Dec. ¶ 22).

31.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL. (Exhibit 1 at ¶ 48; Ortega Dec. ¶ 25).

32.     Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195(3). (Exhibit 1 at ¶ 49; Ortega Dec. ¶ 24).

33.     Defendants required Plaintiff to purchase "tools of the trade" with his own funds – including two sets of lights, a helmet, a vest, and a bicycle. (Exhibit 1 at ¶ 51; Ortega Dec. ¶ 23).

34.     Defendants did not give any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1). (Exhibit 1 at ¶ 50; Ortega Dec. ¶ 26).

## ARGUMENT

### A.      Plaintiffs are Entitled to Judgment by Default

35.      It is well settled that Defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

36.      Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired.  Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

37.      Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id*. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id*. (quoting *Tamarin v. Adam Caterers, Inc*., 13 F.3d 51, 54 (2d Cir. 1993)).

38.      Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages.  Based on the evidence Plaintiffs have put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $62,888.88, and attorneys' fees and costs should be awarded in the amount of $1,815.00.

**B.      Plaintiffs' Damages Calculation**

39.      Annexed as **Exhibit 7** is a chart setting out the damages Plaintiff is entitled to recover.

40.      In the damages chart, the Plaintiff's wage and hour damages (including overtime wage damages, liquidated damages, and interest) are calculated in segments of time, broken into "Pay Periods".  Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and then based upon the Plaintiff's affidavit, lists the number of hours worked per week in each period ("Hours Per Week in Period).  The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period.  Then there is a column for Paid Wages, the first column calculates the "regular rate of pay" for each period by dividing the amount actually paid each week to Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period").  The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculation later in the chart.  The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiff's affidavit.

41.      Calculations within the Chart – The "Lawful Weekly Pay" column of the chart calculates what the Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows: ((greater of minimum wage or calculated base pay) * Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

42.      The chart therefore automatically determines whether the effective calculated base rate of pay falls below the minimum wage, and if it does, it discards it.  If it does not, it uses it for the subsequent calculations (as the Plaintiffs are entitled to earn at least the minimum wage).  The chart then automatically calculates what the hours should have been compensated at under the base rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours

over 40.  The Chart then subtracts the amount actually paid to Plaintiff (the "Credited Weekly

Pay") and then derives the "Underpayment per Week." This number is then multiplied by the

number of weeks in each period and derives the total damages due for unpaid minimum wages and

overtime for each period ("Unpaid Wages & OT").  The Chart then applies the liquidated damages

provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on

Wages & OT" by 25% and 100% for any subsequent damages.

43.     The legal basis for the damages calculations within the chart are set out below.

**B.     Back Pay**

44.     The onus is on the employer to maintain proper records of employees' hours

worked, 29 U.S.C. § 211(c).  "In a FLSA case, in the absence of rebuttal by [D]efendants,

[P]laintiffs' recollection and estimates of hours worked are presumed to be correct."  *Zeng Liu v.*

*Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004) (the court accepted the

Plaintiffs' estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he
> proves that he has in fact performed work for which he was improperly
> compensated[,] and if he produces sufficient evidence to show the amount and
> extent of that work by just and reasonable inference. The burden then shifts to the
> employer to come forward with evidence of the precise amount of work performed
> or with evidence to negative the reasonableness of the inference to be drawn from
> the employee's evidence. If the employer fails to produce such evidence, the court
> may then award damages to the employee, even though the result be only
> approximate. *Id*. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-
> 88 (1946), and other cases).

45.     Here, Plaintiff was not paid minimum wage and overtime compensation at the

lawful rate. Rather, Plaintiffs received a weekly and daily fixed salary throughout their entire

employment without taking into account their hours worked nor their hours worked over 40 into

account. *See* **Exhibit 7**.

46.     Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1).  New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 142-2.2. The regular rate is the rate an employee is regularly paid for each work hour. 12 N.Y.C.R.R. § 146-3.5.

47.     Under the New York Hospitality Industry Wage Order, the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. § 146-3.5.

48.     Accordingly, to determine the Plaintiff's unpaid wages, Plaintiff's regular rate is multiplied by 1.5 to determine the overtime rate the Plaintiffs should have received.

49.     Plaintiffs are owed a total of $19,509.75 unpaid minimum wage and overtime compensation. *See* **Exhibit 7**.

## C.     Wage Notice and Statement Violations

50.     Defendant never provided Plaintiff with annual notices of their wages, or a wage statement with each payment of wages, as required by NYLL §§ 195(1), 195(3).

51.     Therefore, in accordance with NYLL § 198, Plaintiff is entitled to $5,000 for Defendants' violations of NYLL § 195(1) and $5,000 for Defendants' violations of NYLL § 195(3). In total, Plaintiff is entitled to $10,000.00 for violation of the wage notice and wage statement provisions. *See* **Exhibit 7.**

## D.     Three Year Statute of Limitations Under FLSA

52.     Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years.  29 U.S.C. § 255(a).

53.     Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements.").  Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. *See Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898, 904 (N.D. Ill. 1999); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd,* 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

54.     In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements.  However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA.  Furthermore, even if the Defendants did not know of the FLSA, the Defendants' actions are still willful because the Defendants failed to investigate whether their compensation policy was legal.  *See Hardrick*, 63 F. Supp. 2d at 904.

55.     Moreover, at all relevant times, the Defendants failed to post the required information concerning the relevant wage laws, paid Plaintiff by cash throughout their employment, and had no system for properly recording their hours. This deliberate decision to disregard both FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo*

13

*Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005) ("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotations omitted).

56.     As Plaintiff can establish that Defendants' violation of the FLSA was willful, they are entitled to a three-year limitations period under the FLSA. *See, e.g.*, *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 at \*23-\*24 (S.D.N.Y. 2005).  Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. NYLL § 663(3).  Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519 at \*12 (E.D.N.Y. May 18, 2006).  Therefore, back pay under the New York Labor Law should be calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

**E.     Liquidated Damages**

57.     Under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." *Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325, \*23 (E.D.N.Y. Dec. 3, 2014) (quoting NYLL § 663(1)).

58.     Given the uncontroverted evidence of Defendants' lack of good faith Plaintiffs are entitled by statute to liquidated damages under the New York Labor Law, computed at 100% for any unpaid overtime wages.

59.     Accordingly, Plaintiffs are entitled to liquidated damages of 100% in their unpaid minimum wages, overtime, and spread of hours under the NYLL.

60.     Plaintiffs are entitled to liquidated damages of $19,509.75. *See* **Exhibit 7.**

**F.      Prejudgment Interest**

61.     "New York law generally provides for an award of prejudgment interest on a variety of claims, including the claims for unpaid wages asserted here, at an annual rate of nine percent. Where, as here, damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.  A court has discretion to choose a reasonable accrual date.  Courts often select the median date between the earliest ascertainable date the action arose and the date the plaintiff filed suit.

62.     Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006).  As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b).  When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date.  *See Perero*, 2006 WL 2708055, at *8; *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. 2005), *aff'd in pertinent part and vacated in part*, 160 Fed. Appx. 91 (2d Cir. 2005).  Thus prejudgment interest on Plaintiff's back pay awards should be computed from the median of each relevant period to the date of judgment.

63.     The median date fot Plaintiff is calculated in the damages chart. In total, Plaintiffs are entitled to $3,577.36, in prejudgment interest on wages and overtime. *See* **Exhibit 7.**

**G.      Attorneys' Fees and Costs**

64.     The FLSA and the New York Labor Law both contain fee-shifting provisions for

actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition

to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid

by the defendant, and costs of the action"); NYLL § 663(1) ("[An employee] may recover . . . costs

and such reasonable attorney's fees as may be allowed by the court").

65.     Plaintiffs incurred costs and attorneys' fees in pursuing this action, and seek an

award of reasonable attorney's fees and costs.

66.     The attorneys' fees and costs total $1,815.00, including a filing fee of $112.50 and

fees associated with serving the Defendants with the summons and complaint.

67.     "The most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.

This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill

Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008).

Prior to *Arbor Hill*, this amount was known as the "lodestar" amount, which the Second Circuit

has suggested be known going forward as the "presumptively reasonable fee." *Id.* at 183.  It is

"well established that 'any attorney . . .  who applied for court-ordered compensation in this Circuit

. . . must document the application with contemporaneous time records . . . specifying, for each

attorney, the date, the hours expended, and the nature of the work done.'" *Cesario v. BNI Constr.,

Inc.*, 2008 U.S. Dist. LEXIS 103155, at *19 (S.D.N.Y. Dec. 15, 2008) (*quoting N.Y. State Ass'n

for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  While reviewing the

records, the Court should make "a conscientious and detailed inquiry into the validity of the

representations that a certain number of hours were usefully and reasonably expended." *Lunday v.

City of Albany,* 42 F.3d 131, 134 (2d Cir.1994).  The inquiry should be focused on "whether, at

the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  However, in considering the records, the Court should not "engage in 'an ex post facto determination of whether attorney hours were necessary to the relief obtained.'" *Cesario,* 2008 U.S. Dist. LEXIS 103155, at \*20 (*quoting Grant*, 973 F.2d at 99).  While the Court may exclude hours from the calculation that are "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]here is no precise rule or formula for making these determinations," *Id*. at 436.  Plaintiff's attorney has submitted a compilation of contemporaneous time records for the Court's consideration on this motion as **Exhibit 8.**

68.	The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the reasonable fee. With respect to figuring a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3dat 184. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth*., 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted).  In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).

69.	A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached hereto as **Exhibit 8**.

70.	A brief biography of each attorney who performed billed work in this matter is as follows:

i.    Michael Faillace is the Managing Member of Michael Faillace &
Associates, P.C, and have been in practice since 1983.  From 1983 to
2000, he was in-house Employment Counsel with International
Business Machines Corporation (IBM). He taught employment
discrimination as an Adjunct Professor at Fordham University School
of Law since 1992 and at Seton Hall University Law School from 1995
to 1998.  He is the author of the ADA, Disability Law Deskbook: The
Americans with Disabilities Act in the Workplace, published by
Practicing Law Institute (PLI), and other employment law publications
and presentations.

ii.   Catalina Sojo ("CS") is the Managing Partner of CSM Legal P.C.
Catalina graduated with a J.D. equivalent degree from Pontificia
Universidad Javeriana in Bogota, Colombia, in 2017. She received a
Master of Laws degree (LL.M.) from Cornell University School of Law
in 2019. Prior to joining Michael Faillace & Associates in June 2020,
she focused her practice in intellectual property litigation and
enforcement, having worked as an associate at Baker McKenzie and as
in-house counsel at ViacomCBS. Her work is billed at a rate of $350
per hour.

iii.  Jacob Jaffe ("JF") is an Associate Attorney at CSM Legal P.C. Jacob
has been practicing since 2018. Prior to joining CSM Legal P.C.,
Jacob's practice focused on both defense and plaintiff side personal
injury litigation. His work is billed at a rate of $300 per hour.

iv.   Jesse Barton ("JTB") is a Senior Associate Attorney at CSM Legal P.C. Prior to joining CSM Legal, Jesse practiced as an associate with the law firm of Virginia & Ambinder, where he was the lead attorney for the multiemployer benefit plan of one of the largest construction unions in New York.   In addition to labor and employment law, Mr. Barton specializes in post-judgment collection.   His work is billed at a rate of $375 per hour.

v.   The initials "PL" in the billing sheet refer to work done by paralegals at the firm.

## CONCLUSION

71.   Based on the above information and exhibits, Plaintiffs assert the record supports a judgment against the Defendants in favor of Plaintiffs in the amount of $62,888.88, for unpaid wages, liquidated damages, prejudgment interest and other claims. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

72.   Additionally, Plaintiffs are entitled to $1,815.00 in attorneys' fees and costs.

73.   No inquest is necessary when, as in the present case, the Court has the proper measure of damages and evidence submitted by the Plaintiffs' that allows damages to be calculated with reasonable certainty.

74.   No part of the judgment sought has been paid.

75.   Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by Plaintiffs' declarations accompanying these motion papers.

76.     Plaintiffs also make a request for interest on the principal amount of the judgment

not to exceed 9%, as stated above and in the damages calculations.

77.     Plaintiffs also request that the judgment provide that if any amounts remain unpaid

upon the expiration of ninety days following issuance of judgment, or ninety days after expiration

of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent, as required by NYLL § 198(4).

78.     A proposed form of judgment is attached as **Exhibit 9.**

79.     For the reasons stated above and in the accompanying declarations and exhibits, the

Plaintiffs' motion for a default judgment should be granted.


Dated: New York, New York
        December 27, 2021

CSM LEGAL, P.C.

*/s/Catalina Sojo*_____
Catalina Sojo, Esq.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: catalina@csm-legal.com
*Attorneys for Plaintiffs*